UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN DEPUTY,

       Petitioner,

v.                                         Case No. 2:10-cv-334
                                         HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Brian Deputy filed this habeas corpus petition challenging the 10 to 30 year sentence he received for armed robbery. (See 08/06/2007 Sentencing Proceedings, docket #15). Petitioner maintains that his conviction was obtained in violation of his federal rights. In his application for habeas corpus relief, Petitioner asserts the following claims:

> I. Petitioner's conviction for armed robbery must be set aside for the reason that there was insufficient evidence to prove that the Petitioner was armed with a dangerous weapon at the time of the robbery, where the Petitioner made no threats that he was armed, and the victim mistakenly believed that Petitioner's cell phone was a gun.
>
> II. Petitioner's Fourth and Fifth Amendment rights were violated where the trial court denied Petitioner's motion to suppress evidence concerning Petitioner's warrantless arrest, the warrantless search of Petitioner's car, an alleged statement made while Petitioner was at gunpoint, and the trial court's use of further statements made after his custody was secured; all of which occurred before Petitioner received his *Miranda* warnings. In support of this claim, Petitioner argues that appellate counsel provided constitutionally ineffective assistance, establishing "good cause" for Petitioner's failure to properly raise his second claim on prior appeal.

Petitioner also requests an evidentiary hearing.

Petitioner raised claim I regarding the sufficiency of the evidence in his appeal to the Michigan Court of Appeals, which determined that Petitioner had been properly convicted of armed robbery. (See 10/23/08 Mich. Ct. App. Ord., docket #16). Petitioner's application for leave to appeal this decision was denied by the Michigan Supreme Court. (See 02/24/2009 Mich. Ord., docket #17).

Petitioner raised claim II for the first time in a motion for relief from judgment in the Circuit Court for Ottawa County. Petitioner's motion for relief from judgment was denied on June 19, 2009. (See 06/19/2009 docket #13). Petitioner's delayed application for leave to appeal this denial in the Michigan Court of Appeals was denied for failure to meet the burden establishing entitlement to relief under M.C.R. 6.508(D). (See 06/10/2010 Mich. Ct. App. Ord., docket #18). Petitioner filed an application for leave to appeal this decision with the Michigan Supreme Court, which was denied on October 26, 2010, because Petitioner failed to meet the burden establishing relief to entitlement under M.C.R. 6.508(D). (See 10/26/2010 Mich. Ord., docket #19).

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA,

an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner's first claim asserts that his conviction for armed robbery must be set aside for the reason that there was insufficient evidence to prove that Petitioner was armed with a dangerous weapon at the time of the robbery.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province

of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68.  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.  State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.), *cert. denied*, 124 S. Ct. 345 (2003).  "[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly."  *Bugh*, 329 F.3d at 512 (internal quotations and citations omitted).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution.  *Id.*

As noted above, Petitioner initially presented this claim to the Michigan Court of Appeals, which noted:

> We review a sufficiency of the evidence claim de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). All facts are construed in a light most favorable to the prosecution and we must determine whether any rational trier of fact could have concluded that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). "Circumstantial evidence and reasonable inferences arising therefrom can sufficiently establish the elements of a crime." *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001).

MCL 750.529 provides that a person is guilty of armed robbery if during the commission of an unarmed robbery that person "possess a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in the possession of a dangerous weapon." To submit proof that a defendant used an article to induce the victim to reasonably believe it to be a dangerous weapon, or used to feign a weapon, actual possession of an article is required. See *People v Taylor*, 245 Mich App 293, 297; 628 NW2d 55 (2001). To show actual possession there must be some objective evidence that the defendant possessed a weapon or article before a jury is permitted to assess the merits of an armed robbery charge. *People v Jolly*, 442 Mich 458, 468; 502 NW2d 177 (1993). Subjective belief alone is insufficient to submit the question of guilt to the jury. *Id*. In *Jolly, supra* at 469, the Michigan Supreme Court stated that "the existence of some object, whether actually seen or obscured by clothing or something such as a paper bag, is objective evidence that a defendant possesses a dangerous weapon or an article used or fashioned to look like one." The Court went on to hold that there was sufficient evidence to submit the armed robbery question to the jury when the clerk was orally threatened and testified that he observed a bulge in the assailant's midsection. *Id.* at 461, 463. Although the clerk never actually saw the gun, the Court held that the bulge in combination with the threat objectively supported the clerk's belief that the assailant was armed. *Id*. at 470-471.

The factual basis in *Jolly* "constitutes the absolute minimum level of evidence sufficient to support an armed robbery conviction." *People v Banks*, 454 Mich 469, 475; 563 NW2d 200 (1997). However, a defendant need not verbally threaten the victim with some specific bodily harm in order to obtain a conviction of armed robbery. *Taylor, supra* at 302-303. In the instant case, the victim testified that she observed something small and black after defendant pulled back his coat, and the object was pointed at her while defendant demanded she open the cash drawer. She believed the object defendant was holding was a gun. Furthermore, the clerk's father who spoke with her immediately after the incident testified his daughter indicated the store had been robbed and the robber had used a gun. In addition, defendant admitted that he had the black cellular telephone that was recovered during his arrest with him at the time of the robbery, and the arresting police officers testified the defendant made statements indicating he "used" a cellular telephone during the robbery as

>opposed to a gun. This testimonial evidence, coupled with the defendant's letter to the judge suggests the clerk's beliefs where based on objective facts in existence at the time of the incident. While the strength of this evidence may be questioned, the role of this Court is not to interfere with the factfinder's role of determining the weight of the evidence or credibility of witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748, amended 441 Mich 1201 (1992). Reviewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to prove that the defendant was "armed" during the commission of the robbery according to MCL 750.29.

*People v. Deputy*, unpublished opinion per curiam, Court of Appeals No. 280258.

As concluded by the Michigan Court of Appeals, it is clear that the evidence was sufficient to establish that Petitioner committed the crime for which he was convicted. Therefore, the undersigned concludes that the Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner's second claim asserts that his Fourth and Fifth Amendment rights were violated by law enforcement's warrantless search of Petitioner's car and by his warrantless arrest. Petitioner also argues that his constitutional rights were violated by the trial court's decision to allow into evidence Petitioner's statement made at gunpoint and Petitioner's statements after he was taken into custody, all of which occurred before Petitioner was given *Miranda* warnings.

Petitioner's second claim is procedurally barred from consideration by this Court. The Michigan Supreme Court expressly stated that it denied Petitioner's application for leave to appeal on the basis that Petitioner failed to "meet the burden of establishing entitlement to relief under M. C. R. 6.508(D). Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack

a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

In order to overcome procedural default, Petitioner must show "cause" for failure to raise his second claim in his appeal of right and "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thomson*, 501 U.S. 722, 750 (1991). Petitioner asserts that his appellate counsel provided constitutionally ineffective assistance, establishing "good cause" for Petitioner's failure to properly raise his second claim on prior appeal.

Constitutionally ineffective assistance of counsel can establish "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel . . . does not and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 486-88 (1986). An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing

on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* at 289.

Appellate counsel cannot be ineffective for failing to raise Petitioners second claim in the instant petition because the second claim lacks merit. Upon receiving information from Petitioner's wife that Petitioner had committed a robbery, police asked Petitioner "where's the gun." The police did not give Petitioner *Miranda* warnings before asking this question. Overriding considerations of public safety can justify an officer's failure to provide *Miranda* warnings before asking questions related to weapons. *New York v. Quarles*, 467 U.S. 649, 651 (1984). The police officers who arrested Petitioner had reason to believe that he presented an immediate threat to police safety. Therefore, the pre-*Miranda* questioning at issue in this case falls squarely within the public safety exception to *Miranda*. Therefore, Petitioner's pre-*Miranda* statements were properly admitted by the trial court.

Petitioner's wife informed police that Petitioner had committed a robbery. The Fourth Amendment allows a search for evidence when there is probable cause to believe that the evidence sought will aid in a particular apprehension or conviction. *Messerschmidt v. Millender*, 132 S. Ct.

1235, 1247 (2012) (citing *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 298 (1967)). The police had information that Petitioner committed a robbery, which allowed them to establish the probable cause necessary for the warrantless search of Petitioner's car.

Accordingly, Petitioner's appellate counsel was not constitutionally ineffective. Therefore, appellate counsel's performance does not establish the necessary "cause" to overcome Petitioner's procedural default. The Court need not determine whether Petitioner has demonstrated the requisite prejudice, because he failed to show "cause" for his procedural default. *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003) (citing *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000)). Petitioner has not established good cause for failing to raise this issue on appeal. Nor has he shown prejudice or a fundamental miscarriage of justice to be entitled to habeas relief.

Petitioner also requests an evidentiary hearing. Following enactment of the AEDPA, federal habeas courts have limited discretion to take new evidence in an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01 (2011); *see also Sheppard v. Badley*, 657 F.3d 338, 343 (6th Cir. 2011). Under 28 U.S.C. 2254(e)(2), if an applicant has failed to develop a record in state court, a federal court on habeas review may grant a hearing only when the petitioner can demonstrate both of the following:

(A)  the claim relies on

  (I)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and

      (B)      the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

An evidentiary hearing in the district court is not mandatory unless one of the circumstances listed in 28 U.S.C. § 2254(e)(2) is present. *See Sanders v. Freeman*, 221 F.3d 846, 852 (6th Cir. 2000); *see also Johnson v. Mitchell*, No. 00-3350, slip op. at 12 (6th Cir. Nov. 4, 2009). Petitioner's claim does not satisfy either of these factors, so undersigned recommends that the Court deny an evidentiary hearing.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: June 28, 2012

-12-