UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN DEPUTY,

    Petitioner,

v.

GREG McQUIGGIN,

    Respondent.
_____/

Case No. 2:10-CV-334

HON. ROBERT HOLMES BELL

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On June 28, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Brian Deputy's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 22, R&R.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 23, Obj.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner disagrees with the R&R as it relates to the first claim raised in his habeas petition, but simply "rests on his pleadings on that issue." (Obj. 1.) Because Petitioner has not identified what issues are in contention with respect to the R&R's recommended disposition of the first claim, Petitioner's objection fails to satisfy the requirement that an objection be filed. *See Miller*, 50 F.3d at 380.

Petitioner's objections to the second claim are more specific. Petitioner's second claim asserts that his Fourth and Fifth Amendment rights were violated by the warrantless search of his car, his warrantless arrest, and his interrogation at gun point and without the benefit of *Miranda* warnings. Petitioner objects to the R&R's reliance on *Messerschmidt v. Millender*, 132 S. Ct. 1235 (2012), and to the R&R's failure to evaluate the merits of his constitutional claims regarding his search, arrest, and interrogation.

The Court agrees that the R&R's reliance on *Messerschmidt* was misplaced. In *Messerschmidt*, the officers had a warrant, and the issue was whether it was "entirely unreasonable," under the particular circumstances of that case, for an officer to believe that the warrant was valid. *Messerschmidt*, 132 S. Ct. at 1245-49 (discussing application of *United States v. Leon*, 468 U.S. 897 (1984); *Malley v. Briggs*, 475 U.S. 335 (1986)). This case, by contrast, did not involve a warrant. Petitioner's objections nevertheless lack merit. The Magistrate Judge recommended that the second claim be denied, not because it lacked merit, but because it was procedurally barred. Petitioner has not challenged the Magistrate Judge's finding that Petitioner's second claim is procedurally barred. Petitioner contends that he has good cause to excuse the procedural bar based on ineffective assistance of counsel.

2

However, to show that appellate counsel was ineffective for failing to raise an issue on appal, Petitioner "must show that the issue his appellate counsel failed to raise was 'clearly stronger' than the issues his counsel did raise, -- and that the state court lacked a reasonable basis for believing otherwise." *Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012), *cert. denied*, 132 S. Ct. 2749 (2012) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Petitioner has not met his burden of demonstrating that these issues were stronger than the issues that counsel did present on appeal. Because the issues are procedurally barred, the R&R's failure to evaluate the merits of Petitioner's second claim was appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 23) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 28, 2012, R&R (Dkt. No. 22) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Date: July 26, 2013              /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE